| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>JOSHUA SILVER, on behalf of himself and all similarly situated individuals,<br><br>         Plaintiff,<br> -against-<br><br>NISSAN-INFINITI LT, LLC; and NISSAN MOTOR ACCEPTANCE COMPANY, LLC,<br><br>         Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: _5/7/2024_<br><br><br>23 Civ. 1019 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

  On February 7, 2023, Plaintiff, Joshua Silver, filed this putative consumer class action against Defendants, Nissan-Infiniti LT, LLC and Nissan Motor Acceptance Company, LLC (collectively, "Nissan"), alleging that by "refus[ing] to honor the purchase amount expressly defined" in his vehicle lease extension agreements, Nissan employed deceptive business practices and breached the terms of its agreements. Compl. ¶ 5, ECF No. 1; *see generally id.* Nissan moved to compel arbitration and stay the proceedings pursuant to the Federal Arbitration Act, arguing that the dispute is governed by the arbitration agreement contained in Silver's original lease agreement (the "Lease"). Mot., ECF No. 12; Def. Mem. at 1, ECF No. 12-1.

  By order dated March 19, 2024 (the "Order"), the Court granted Nissan's motion to compel arbitration, finding that the Lease's arbitration agreement was incorporated by reference into the subsequent lease extension agreements, the parties' dispute was governed by the arbitration agreement, and the agreement was not unconscionable. *See generally* Order, ECF No. 30. On April 2, 2024, Silver moved for reconsideration of the Order. ECF No. 31. For the reasons stated below, the motion is DENIED.

**LEGAL STANDARD**

Silver brings his motion for reconsideration under Local Rule 6.3, which provides that a "notice of motion for reconsideration or reargument of a court order determining a motion . . . shall be served with . . . a memorandum setting forth concisely the matters or controlling counsel believes the Court has overlooked." Thus, "to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer,* 198 F.R.D. 397, 399 (S.D.N.Y. 2001). The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.,* 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002). Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399. A party "may not advance new arguments or requests for relief in a motion for reconsideration if they were not previously presented to the Court." *In re Furstenburg Finance SAS,* 785 F. App'x 882, 886 (2d. Cir. 2019) (summary order). And, motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. & Customs Enf't,* No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017).

**DISCUSSION**[1]

Silver asks the Court to reconsider the Order on two grounds. First, he argues that incorporation of the Lease's arbitration agreement into the subsequent lease extension agreements violates New York's Motor Vehicle Retail Leasing Act ("MVLRA"). Pl. Mem. at 1. And, second, he claims that the Court erred in finding mutual assent. *Id*.

---

[1] The Court assumes familiarity with the facts of this case as set forth in the Order.

The MVLRA "provides motor vehicle lessees with comparable protection to those provided to purchasers of motor vehicles [by] . . . preventing or discouraging irresponsible, fraudulent, and misleading practices in the field of consumer leases." *V.W. Credit, Inc. v. Alexandrescu*, 824 N.Y.S.2d 759 (Civ. Ct. 2006). As relevant here, it states that "a retail lease agreement shall contain in a single document all the agreements of the parties." N.Y. Pers. Prop. Law § 337. Silver argues that because the text of the Lease's arbitration agreement is not included in the lease extensions, compelling him to arbitrate his claim against Nissan would violate the MVLRA's "single document" provision. *See* Pl. Mem. at 3–4.

The Court disagrees. The lease extension agreements are not governed by § 337 of the MVLRA. Rather, they are governed by § 345 ("Renegotiations and Extensions"), which provides that the requirements of § 337 "are not applicable to any extension of a retail lease agreement." N.Y. Pers. Prop. Law § 345. Silver provides no reason why documents titled "Motor Vehicle Lease Extension Agreement[s]" should be treated as original lease documents, instead of extension of lease agreements. *See, e.g.*, ECF No. 1-1 (April 2022 lease extension agreement). Nor does he point to any caselaw that supports this argument. Accordingly, § 345 applies and compelling Silver to arbitrate does not violate his rights under the MVLRA.

Next, Silver argues that because he believed the arbitration agreement applied only to the "unchanged provisions" of the Lease, and "not the new provisions" of the lease extension agreements, "genuine issues of material fact remain regarding whether [he] agreed to applying the [arbitration agreement] to the [lease extensions'] terms." Pl. Mem. at 5.

Again, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the [C]ourt." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995); *see also R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (applying *Shrader* to a motion for reconsideration under Local Rule 6.3). Silver neither offers new facts nor cites controlling caselaw that would alter the Court's finding that the lease extensions incorporated the Lease's arbitration agreement.

Moreover, the mere fact that Silver disagrees with the Court's interpretation of the contract does not render the contractual language ambiguous. *See Metro. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990) ("Language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation."). "Contract language is not ambiguous if it has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself.'" *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989) (alteration in original) (quoting *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)). Because the lease extensions unambiguously incorporate the arbitration agreement, Order at 6–7, Silver's subjective misunderstanding does not render them ambiguous or create a triable issue of fact.

## CONCLUSION

For the foregoing reasons, Silver's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 31.

SO ORDERED.

Dated: May 7, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge